CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 0 7 2006

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 4:02--cr-70031 |
| ) | |
| v. ) | ORDER |
| ) | |
| KIRKWOOD DONNELL CABINESS, ) | By: Hon. Norman K. Moon |
| ) | United States District Judge |
| Defendant. ) | |

This matter is before the court upon a letter from the defendant, Kirkwood Cabiness, asking for numerous free photocopies of documents from his criminal case: exhibits, orders, pending motions, his plea agreement, and his co-defendants' plea agreements. He also wants to know if his co-defendants received downward departures at sentencing. He states that he needs these documents "to follow up on my case appeal process." Upon review of the record, the court will deny his motion for free copies and other information.

As the time for Cabiness to appeal his conviction has long since expired, the court assumes that he intends to file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. An indigent defendant who is pursuing a § 2255 motion is entitled to free transcripts and other documents from his criminal proceedings only if the court finds that the § 2255 motion he is pursuing is not frivolous and the transcripts or documents are needed to decide the issues presented in the motion. See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317 (1976); United States v. Shoaf, 341 F.2d 832, 833-34 (4th Cir. 1964)(indigent defendant must show some need for transcript beyond his mere desire to comb the record in hope of discovering errors to raise in habeas).

1

As the defendant has not yet filed a § 2255 motion or otherwise explained why the transcript is necessary to support his claims, the court cannot find at this time that he is entitled to copies at court expense. Moreover, it appears that any § 2255 motion that Cabiness might now file would be untimely under § 2255 para. 6(1). The record indicates that Cabiness was sentenced in April 2003 and did not file a timely appeal. He later filed motions seeking a sentence reduction for substantial assistance and a motion for release on bond, both of which the court denied. His subsequent appeal on these issues was denied in March 2006.

The defendant has also failed to offer any evidence in support of a finding that he is indigent. Forms to request in forma pauperis status, or waiver of fees, are available from the Clerk's Office at the following address: Office of the Clerk, United States District Court for the Western District of Virginia, P.O. Box 1234, Roanoke, Virginia.

In accordance with the foregoing, it is hereby

### ORDERED

that defendant's letter/motion for free transcripts shall be and hereby is **DENIED**.

The Clerk is directed to send certified copies of this order to the defendant and to counsel of record for the government.

ENTER: This 7th day of June, 2006.

United States District Judge

2