CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 28 2008

JOHN F. CORCORAN, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| United States of America,<br><br>         *Plaintiff,*<br><br>v.<br><br>Kirkwood Donnell Cabiness,<br>         *Defendant.* | CRIMINAL ACTION NO. 4:02cr70031-1<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on Defendant's motions to appoint counsel and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706,[1] as amended by Amendment 711 and Amendment 715, to the United States Sentencing Guidelines [Docket #199, #201, #203, #204, #207, #213]. For the following reasons, Defendant's motions are denied.

  On March 19, 2002, a federal grand jury returned a six-count indictment against Defendant for the distribution of cocaine base. Specifically, Count One charged Defendant with conspiracy to distribute more than 50 grams of cocaine base; Count Two, Three, and Four charged Defendant with possession with the intent to distribute five or more grams of cocaine base; and Counts Five and Six charged Defendant with possession with the intent to distribute 50 or more grams of cocaine base. Defendant pled guilty to all counts on May 17, 2002, pursuant to a written plea agreement. The parties stipulated in the plea agreement that Defendant would be held responsible for 2,135.04 grams of cocaine base in relevant conduct.

---

  [1]The United States Sentencing Commission has amended the federal sentencing guidelines applicable to crack cocaine offenses. The Sentencing Commission has also decided, pursuant to its authority under 28 U.S.C. § 994(u), that effective March 3, 2008, the amendment will apply retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are still incarcerated.

The Court held a sentencing hearing on April 22, 2003, and found Defendant to be responsible for 2,135.04 grams of cocaine base in relevant conduct. As a result, the Court found his base offense level to be 38 pursuant to U.S.S.G. § 2D1.1(c)(1) because he was responsible for more than 1.5 kilograms of cocaine base. The Court increased Defendant's offense level by two levels under U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm and by another two levels under U.S.S.G. § 3B1.1(c) because he was an organizer, leader, manager, or supervisor of the criminal activity; thus, the adjustments to Defendant's offense level resulted in an offense level of 42. The Court reduced Defendant's offense level by three levels, however, pursuant to U.S.S.G. §§ 3E1.1(a) and (b) because he fully accepted responsibility, which resulted in a Total Offense Level of 39. The Court found that Defendant had 14 criminal history points, which resulted in a Criminal History Category of VI. Based on a Total Offense Level of 39 and a Criminal History Category of VI, the applicable guideline range called for a term of imprisonment of 360 months to life. The United States asked the Court to depart from the applicable guideline range pursuant to U.S.S.G. § 5K1.1, however, because Defendant had provided substantial assistance. The Court granted the United States' motion and sentenced Defendant to 180 months of imprisonment as to all counts, with each of the counts to run concurrently.

The United States later filed a second motion for substantial assistance consideration under Federal Rule of Criminal Procedure 35(b) because Defendant had provided assistance in the prosecution of a murder in Halifax County. As a result, the Court reduced Defendant's sentence on December 29, 2006, to 132 months of imprisonment.

In his motions, Defendant asks the Court to (1) appoint counsel to assist him in his motions; (2) reduce his sentence because of Amendment 706, as amended by Amendment 711 and Amendment 715, to the United States Sentencing Guidelines; and (3) reduce his sentence because

2

of an inaccurate calculation of his criminal history points. The Court is authorized to reduce a term of imprisonment once it has been imposed, however, in only limited circumstances, such as (1) when the Bureau of Prisons makes a motion for a reduction because of extraordinary reasons or because of advanced age; (2) the United States asks for a reduction because of substantial assistance; and (3) the term of imprisonment imposed was based on a guidelines range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). The Court may only reduce a sentence because of an amended guideline range if the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement, U.S.S.G. § 1B1.10, provides that a term of imprisonment is eligible for a reduction only if the amendment to the Guidelines Manual has been made retroactive and if the retroactive amendment lowers the defendant's applicable guideline range. U.S.S.G. §§ 1B1.10(a)(1)–(2).

Amendment 706, as modified by Amendment 711, and Amendment 715 lowered the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1.[2] In applying the amendment, the Court is directed to determine the amended guideline range that would have been applicable if the amendment had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). The Court is not permitted, however, to reconsider other guideline application decisions. Id.

Here, Defendant's base offense level was found to be 38 because he was responsible for 2,135.04 grams of cocaine base. Amendment 706 lowers the applicable base offense level to 36 because the drug quantity is more than 1.5 kilograms, but less than 4.5 kilograms of cocaine base. See U.S.S.G. § 2D1.1(c)(2). The Court is required to reapply the prior adjustments for possessing

---

[2] Amendment 706 was presented to Congress on May 1, 2007, as Amendment 9; however, when it became effective on November 1, 2007, it became Amendment 706 of the United States Sentencing Guidelines. See U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007).

3

a firearm and for organizing, leading, managing, or supervising the criminal activity, which results in an adjusted offense level of 40, and, after applying the three-level reduction for acceptance of responsibility, a Total Offense Level of 37.[3] The applicable guideline range remains 360 months to life, however, because the Court is unable to reconsider the prior adjustments to his offense level under U.S.S.G. § 2D1.1(b)(1) and U.S.S.G. § 3B1.1(c) or the calculation of Defendant's criminal history points.[4] U.S.S.G. § 1B1.10(b)(1). Thus, Amendment 706 has the effect of lowering Defendant's Total Offense Level to 37, but it does not lower the applicable guideline range. As a result, the Court is not authorized to reduce his term of incarceration because his guideline range has not changed. See 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.10(a)(2). Accordingly, it is hereby ORDERED that Defendant's motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, as amended by Amendment 711 and Amendment 715, shall be and hereby are DENIED. [Docket #199, #201, #204, #213]

As for Defendant's request for counsel, it is well settled that "a criminal defendant has no right to counsel beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991). While in some limited circumstances, due process mandates the appointment of counsel for certain post-conviction proceedings, a motion to reduce sentence pursuant to § 3582(c) does not fit into this category. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). The Court finds no reason to appoint counsel in this case and, therefore, it is also ORDERED that Defendant's request for the appointment of counsel is hereby DENIED. [Docket #203, #207]

The Clerk of the Court is hereby directed to send a copy of this Order to Defendant and

---

[3]Moreover, Amendment 709, which modifies the calculation of criminal history points, does not apply retroactively to defendants sentenced prior to November 1, 2007. Therefore, the Court is not authorized to reconsider Defendant's criminal history calculation.

[4]The Sentencing Guidelines call for a term of imprisonment of 360 months to life based on an offense level of 37 and a criminal history category of VI. U.S.S.G. 5 Pt. A.

4

counsel of record for the United States.

It is so ORDERED.

Entered this 28th day of July, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE